UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DEWAYNE PRESSLEY,

        Petitioner,

v.

Warden LeBLANC, JR.,
Federal Medical Center, Rochester, MN,

        Respondent.

Civil No. 05-738 (JRT/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

In 2004, as Petitioner was approaching the completion of a federal prison sentence, the United States filed an action in this District seeking to have him civilly committed following

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

the expiration of his sentence, pursuant to 18 U.S.C. § 4246.[2]  United States v. Pressley, Civil No. 04-4323 (DWF/JSM), [hereafter "Pressley I"].  On February 7, 2005, District Court Judge Donovan W. Frank entered a civil commitment order in Pressley I, which directed the United States Attorney General to detain Petitioner and hospitalize him at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").  Petitioner is currently being detained at FMC-Rochester pursuant to Judge Frank's civil commitment order.

Petitioner has filed an appeal challenging the civil commitment order that was entered in Pressley I, and that matter is currently pending before the Eighth Circuit Court of Appeals.  Petitioner has also filed two prior habeas corpus petitions in this District challenging his civil commitment at FMC-Rochester – Pressley v. Attorney General, Civil No. 05-48 (JRT/JGL), [hereafter Pressley II], and Pressley v. Attorney General, Civil No. 05-534 (JRT/JGL), [hereafter Pressley III].  Both of those matters are still pending at this time.

Petitioner's current application for habeas corpus relief once again challenges the validity of the civil commitment order entered in Pressley I, and Petitioner is once again seeking release from custody.  For the reasons discussed below, the Court finds that the present habeas corpus petition is an abuse of the writ, and that this action should therefore be summarily dismissed.

---

[2]  The relevant portion of the statute, (§ 4246(d)), provides that "[i]f after [a] hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General."

## II. DISCUSSION

> "The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ."

Kuhlmann v. Wilson, 477 U.S. 436, 444, n. 6 (1986) (plurality opinion), quoting Sanders v. United States, 373 U.S. 1, 15-17, 17-19 (1963). See also Phelps v. U.S. Government, 15 F.3d 735, 737-38 (8th Cir.), cert. denied, 511 U.S. 1114 (1994); George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995).

An abusive habeas petition will be entertained by a federal court only if the petitioner is able to show some acceptable "cause" for his failure to raise his new claims (or properly present his old claims) in his prior habeas petition, as well as some "actual prejudice" that will result if the court fails to consider the claims that he seeks to raise in his new habeas petition. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). In the alternative, an abusive petition may be entertained where the petitioner "supplements a constitutional claim with a 'colorable showing of factual innocence.'" Id. at 495, quoting Kuhlmann, 477 U.S. at 454.[3]

In Phelps -- a habeas case that is quite similar to the present case -- the Court of Appeals upheld the summary dismissal of a federal inmate's third application for relief under

---

[3] To qualify for the factual innocence exception, the petitioner must "'support his allegation of constitutional error with new reliable evidence.'" Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). For purposes of showing factual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

28 U.S.C. § 2241, based on abuse of the writ. Phelps, like the instant Petitioner, was a civilly committed detainee confined at FMC-Rochester. Before being transferred to FMC-Rochester, Phelps had filed a § 2241 habeas corpus petition in California, challenging the constitutionality of his commitment. Phelps later filed another habeas petition here in Minnesota, where he was then being held. The Minnesota District Court found the latter petition to be an abuse of the writ, because the claims that Phelps was attempting to raise could have been presented in his first habeas petition. The Eighth Circuit Court of Appeals agreed that Phelps's new habeas petition was abusive, and held that the District Court had properly dismissed it without reaching the merits, because Phelps had not shown he was eligible for McCleskey's "cause and prejudice" exception. 15 F.3d at 738.[4]

Here, as in Phelps, Petitioner is attempting to challenge his continuing confinement at FMC-Rochester based on claims that were raised, or could have been raised, in a prior § 2241 habeas proceeding – namely Pressley II and/or Pressley III. Those prior proceedings provided Petitioner an adequate opportunity to present all of his legal challenges to his current confinement. Thus, the Court finds that Petitioner's current application for habeas corpus relief constitutes an abuse of the writ.[5]

---

[4] The Court of Appeals did not discuss McCleskey's "factual innocence" exception in Phelps, presumably because Phelps made no effort to satisfy the requirements of that exception.

[5] The Court recognizes that this case does not present a prototypical abuse of the writ scenario, because Petitioner's prior habeas petitions, (Pressley II and Pressley III), have not yet been adjudicated. However, the fact that those two matters are still pending does not make the current proceeding any less abusive. If anything, the fact that Petitioner has two currently pending habeas petitions reinforces the Court's determination that this action constitutes an abuse of the writ, because Petitioner might still be able to amend one or both of his earlier petitions to include whatever claims he may be attempting to raise here,

The Court further finds that Petitioner cannot qualify for either the "cause and prejudice" exception, or the "factual innocence" exception, which the Supreme Court recognized in McCleskey. Petitioner obviously anticipated that his current habeas petition might be viewed as abusive, as his petition was accompanied by a self-styled "Motion Explaining Successive Filing Of 2241." (Docket No. 10.) In that submission, Petitioner indicates that he felt compelled to bring his present new action, because he had named the wrong party as the Respondent in Pressley II. The Government's response in Pressley II pointed out that Petitioner had erroneously named the United States Attorney General as Respondent, rather than his immediate custodian – i.e., the Warden at FMC-Rochester, W.I. LeBlanc, Jr. However, the proper way to correct that error is not to commence an entirely new habeas action, but simply to request a substitution of parties in Pressley II.

Thus, the Court finds that Petitioner has not shown cause and prejudice (or proof of factual innocence) that would excuse his abuse of the writ. There is no good reason to allow Petitioner to maintain yet another legal action challenging his civil commitment. Whatever legal claims he may be attempting to present here should have been presented in one of his earlier proceedings. It will therefore be recommended that this action be summarily dismissed as an abuse of the writ.

Finally, the Court notes that Petitioner has filed several other collateral applications for relief in this matter: (1) an application for leave to proceed in forma pauperis, (Docket No. 13); (2) a motion for immediate release, (Docket No. 8); a "motion to subpoena," (Docket No.

---

(assuming such claims have not already been raised in the prior proceedings).

9); a "motion explaining successive filing of 2241," (Docket No. 10); and a motion for a temporary restraining order, (Docket No. 11). Based on the Court's determination that this action should be summarily dismissed, it is recommended that all of these collateral motions be summarily denied.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 13), be DENIED;

3. Petitioner's motion for immediate release, (Docket No. 8), be DENIED;

4. Petitioner's "motion for subpoena," (Docket No. 9), be DENIED;

5. Petitioner's "motion explaining successive filing of 2241," (Docket No. 10), be DENIED;

6. Petitioner's motion for temporary restraining order, (Docket No. 11), be DENIED; and

7. This action be SUMMARILY DISMISSED.

Dated:     April 14, 2005

s/Jonathan Lebedoff

JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation

by filing with the Clerk of Court and serving on all parties by May 4, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party*s brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.